<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| SUSAN KEITH,<br><br>              Plaintiff,<br><br>   v.<br><br>BRETT E.J. GORMAN, *et al.*,<br><br>              Defendants. | Civil Action No. 25-03557 (GC) (JBD)<br><br><u>**MEMORANDUM ORDER**</u> |

<u>**CASTNER, District Judge**</u>

**THIS MATTER** comes before the Court upon Plaintiff Susan Keith's First Motion for a Preliminary Injunction (PI), First Motion for a Temporary Restraining Order (TRO), Motion for an Emergent Status Conference (Conference Motion), and Second Motion for a PI and TRO, each seeking injunctive relief pursuant to Federal Rule of Civil Procedure (Rule) 65. (ECF Nos. 73, 76, 80, 82.) Defendant Matthew Bouldin filed a response to Plaintiff's First Motion for a PI, (ECF No. 75), Defendants Brett E.J. Gorman and Teddy C. Strickland, Jr. filed a response to Plaintiff's First Motion for a PI and First Motion for a TRO,[1] (ECF No. 78), and Plaintiff filed a reply, (ECF No. 79). After filing the reply, Plaintiff filed the Conference Motion providing an "update relevant to" the First Motion for a PI and First Motion for a TRO, (ECF No. 80), and Plaintiff later filed a Second Motion for a PI and TRO which relates to further events purportedly arising from the same

---

[1]    This response is also signed by Sara Kulp, who is referred to in the letter as an "Attorney Defendant." (ECF No. 78 at 1, 4.) While there is a pending Motion to Amend the Complaint that seeks to add Kulp as a Defendant, (*see* ECF No. 53), the operative Complaint, (ECF No. 5), does not name Kulp as a Defendant. As such, Kulp is not presently a Defendant in this case.

substance of the First Motions, (ECF No. 82).  Due to the related nature of these Motions, the Court decides them together; and

**WHEREAS** Plaintiff's Motions allege violation of her Fourteenth Amendment procedural due process rights and First Amendment retaliation.[2]  (*See* ECF No. 73-1 at 9 ("In retaliation for her protected disclosures and the filing of this federal action, Defendants have engaged in a coordinated campaign of intimidation and unauthorized litigation tactics."); ECF No. 76 at 1-2 (noting alleged deprivation of due process); ECF No. 82 at 10-11 (describing participation in a "legally defective proceeding" as a deprivation of Plaintiff's "Fourteenth Amendment Due Process rights")); and

**WHEREAS** Plaintiff's allegations focus on Strickland's conduct in *Keith v. Birge*, MER-L-2498-24, a parallel state court proceeding in the Superior Court of New Jersey, Mercer County.[3] (ECF No. 78 at 2.)  In *Birge*, Plaintiff brings claims against Princeton Public Schools and school officials pertaining to disputes during Plaintiff's employment as a substitute teacher at Princeton High School.  *See generally* Complaint, MER-L-2498-24.  Strickland represents the Princeton Public Schools' Board of Education (the Board) in that matter through his association with

---

[2]     The Court construes Plaintiff's Motions liberally and infers Plaintiff's claim of First Amendment retaliation.  (*See, e.g.*, ECF No. 73-1 at 16-18.)

[3]     While Plaintiff's First Motion for a PI alleges broadly that "a series of constitutional violations" have been committed by Bouldin, Gorman, and Strickland, (ECF No. 73-1 at 9), the factual allegations in Plaintiff's filings pertain only to Strickland's conduct and seek relief only as to him. (*See, e.g.*, ECF No. 73-1 at 4 ("The harm at issue is documented, ongoing, and escalating, and arises from the conduct of Defendant Teddy C. Strickland, Jr., a private attorney and partner of Pender & Strickland, LLC, who lacks any formal authorization or vetting by the Princeton Public Schools Board of Education to represent the District or its employees in the parallel state proceedings."); ECF No. 76 at 1 (describing Strickland's conduct as what forms "the basis of Plaintiff's § 1983 claims and deprivation of due process"); ECF No. 79 at 2 ("[Plaintiff] seeks narrowly tailored relief directed at ongoing conduct by a named defendant in this action that implicates her constitutional rights and her ability to prosecute her federal claims.").)

2

Gorman's law firm, where Strickland works as an independent contractor in addition to having his own law firm.  (ECF No. 42.)  Plaintiff asserts that Strickland is not authorized to represent the Board in *Birge* because the formal authorization process by the Board permitted only Gorman's firm to represent the Board.  (ECF No. 76 at 1); and

**WHEREAS** Plaintiff alleges that Strickland's actions representing the Board in *Birge* are therefore illegal, "directly interfere[] with this federal action," (ECF No. 73-1 at 25), and violate Plaintiff's constitutional rights because although Strickland purportedly has not been properly authorized to represent the Board, Strickland "continues to seek dispositive relief and control central evidence," (ECF No. 76 at 1).  Plaintiff further alleges that, in *Birge*, Strickland has engaged in "retaliatory conduct carried out under the appearance of state authority" which has deprived her of due process.  (ECF No. 73-1 at 8; ECF No. 82 at 10-11.)  For example, Plaintiff alleges that:

- Strickland "obtained Plaintiff's full personnel file from Princeton Public Schools, which included her Social Security card and government-issued identification" and later sought her "current residential address."  (ECF No. 73-1 at 6; *see also* ECF No. 76-1 at 3.)

- Strickland "emphasized his trial credentials and asserted that the matter would 'absolutely go to trial', further stating that the federal action would not affect his conduct in the parallel state proceedings or the manner in which he operates."  (ECF No. 73-1 at 8.)

- "[W]hen Plaintiff noticed Defendants for testimony, Defendant Strickland, lacking lawful authority or oversight, resisted such testimony while attempting to secure Plaintiff's deposition before the production of documents central to her claims, including the video evidence at issue, and then shifted to seek dismissal again and

3

sanctions against Plaintiff for standing firm against his unauthorized conduct." (*Id.*; *see also* ECF No. 76-1 at 3-4 ("Strickland has continued to . . . seek[] dismissal of my claims, attempting to compel my testimony without a written court order, withholding requested documents, and obstructing properly noticed depositions.").)

- Strickland pursued sanctions against Plaintiff and filed "retaliatory motions timed to coincide with Plaintiff's filings" in this action. (ECF No. 73-1 at 11, 16 ("[W]ithin hours of Plaintiff filing her proposed Amended Complaint in this federal action, Strickland filed in state court an opposition, a sanctions request, and a motion to compel Plaintiff's deposition supported only by a one-page cover letter."); ECF No. 76-1 at 4).)

- Strickland sent "a demand letter requiring Plaintiff to withdraw her CEPA complaint and pending motions [in *Birge*] without identifying any frivolous claim." (ECF No. 73-1 at 12-13; *see also* ECF No. 76-1 at 3; ECF No. 79 at 5).)

Aside from these examples, Plaintiff also asserts purported improprieties by court staff and the judge in *Birge*. (*See* ECF No. 73-1 at 17-18, 21-23, 25; ECF No. 76-1 at 6-9 ("The [c]ourt raised and applied defenses sua sponte, struck claims without notice or opportunity to be heard, and engaged in proceedings outside my participation."); ECF No. 82 at 12-13).) Plaintiff alleges these issues "reflect an ongoing inability for [Plaintiff] to be heard and directly impact [Plaintiff's] ability to prosecute [Plaintiff's] federal claims." (ECF No. 76-1 at 9); and

**WHEREAS** Plaintiff raised these concerns before the state court, but the court did not grant Plaintiff's desired relief:

> Plaintiff raised Strickland's unauthorized status through every available state mechanism from the outset. No relief was granted, and further efforts would be futile. Plaintiff has moved to disqualify counsel, to strike unauthorized filings, and has sought relief through attorney ethics channels, all without relief or with deferral. . . . Despite repeated filings throughout 2025 and 2026, the state court

4

> has permitted Strickland to act as counsel, file pleadings, threaten sanctions, and seek to compel Plaintiff's testimony without ever requiring proof of authority. . . . Because the state court has declined to address the threshold issue of authorization while allowing continued litigation conduct by an unverified actor, Plaintiff is left without any adequate state remedy.

(ECF No. 73-1 at 13-14; *see also id.* at 37-38 ("Plaintiff has diligently exhausted available state mechanisms, yet the systemic deferral of those processes confirms that no adequate state remedy exists to address this ongoing harm."); ECF No. 82 at 13)); and

**WHEREAS** because of Strickland's conduct in *Birge*, Plaintiff states she has suffered "significant mental strain" and received "professional counseling." (ECF No. 73-1 at 4-5.) Plaintiff also asserts that Strickland's conduct has "interfere[d] with Plaintiff's ability to litigate," (*id.*), in a manner that is "free from coercive interference," (ECF No. 80 at 1-2); and

**WHEREAS** accordingly, Plaintiff seeks an order: enjoining Strickland "from initiating or engaging in any direct or indirect contact with Plaintiff in any form outside this federal action"; prohibiting Strickland from "using, accessing, retaining, or transmitting Plaintiff's personal identifying information"; requiring Strickland to "permanently destroy all such information currently in his possession, custody, or control"; requiring Strickland to identify "[e]very surveillance attempt, database, investigative service, or third-party provider accessed to conduct 'research' on Plaintiff"; enjoining Strickland "from further participation in any litigation involving Plaintiff outside of this Court"; requiring Strickland to provide notice of any such order in any related proceedings; and granting any other relief the Court deems just and necessary. (ECF No. 73-1 at 39-40); and

**WHEREAS** "[a]n injunction is a drastic and extraordinary remedy, which should not be granted as a matter of course." *Barnes v. Edwards*, Civ. No. 13-4239, 2014 WL 3953189, at *3 (D.N.J. Aug. 13, 2014) (quoting *Monsanto Co. v. Geertson Seed Farms*, 561 U.S. 139, 165 (2010)).

"[T]he party seeking a preliminary injunction bears the burden of establishing its entitlement to such extraordinary relief." *Sebela Int'l Ltd. v. Actavis Lab'ys FL, Inc.*, Civ. No. 17-4789, 2017 WL 4782807, at *2 (D.N.J. Oct. 20, 2017). A plaintiff seeking a TRO or PI must establish that (1) the plaintiff is reasonably likely to succeed on the merits, (2) the plaintiff is likely to suffer irreparable harm in the absence of preliminary relief, (3) the balance of equities tips in the plaintiff's favor, and (4) an injunction is in the public interest.[4] *See HR Staffing Consultants, LLC v. Butts*, Civ. No. 15-3155, 2015 WL 3492609, at *7 (D.N.J. June 2, 2015) (quoting *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008)). The first and second elements are considered "threshold" factors; absent either, the Court cannot issue injunctive relief. *Mallet & Co. v. Lacayo*, 16 F.4th 364, 380 (3d Cir. 2021); and

**WHEREAS** "[t]o establish a likelihood of success, a plaintiff must show that there is a reasonable chance, or probability, of winning." *Mallet*, 16 F.4th at 380 (citation modified) (citation omitted). While this does not require a "more-likely-than-not showing of success on the merits, . . . it does require the plaintiff to 'demonstrate that it *can* win on the merits,' which involves a showing that its chances of establishing each of the elements of the claim are 'significantly better than negligible.'" *Id.* (emphasis in original) (quoting *Reilly v. City of Harrisburg*, 858 F.3d 173, 179 n.3 (3d Cir. 2017)); and

**WHEREAS** the substance of Plaintiff's Motions pertain to purported constitutional violations pled under 42 U.S.C. § 1983. "To succeed on a claim brought under 42 U.S.C. § 1983, the 'plaintiff must show that the defendants, acting under color of law, violated the plaintiff's federal constitutional or statutory rights, and thereby caused the complained of injury.'" *Munoz v.*

---

[4]    "The standard for a preliminary injunction and a TRO is the same." *Mirashi v. Doe*, Civ. No. 25-1805, 2025 WL 893003, at *3 (D.N.J. Mar. 21, 2025).

*City of Union City*, 481 F. App'x 754, 757 (3d Cir. 2012) (quoting *Elmore v. Cleary*, 399 F.3d 279, 281 (3d Cir. 2005)).  Plaintiff must establish two elements: "(1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct deprived the plaintiff of rights, privileges, or immunities secured by the Constitution or laws of the United States." *Schneyder v. Smith*, 653 F.3d 313, 319 (3d Cir. 2011) (citation omitted); and

WHEREAS "[c]ourts . . . routinely dismiss Section 1983 claims brought against private parties," although "in rare circumstances a private party may be found to act for the State." *Kaul v. Christie*, 372 F. Supp. 3d 206, 244-45 (D.N.J. 2019).  "This requires the plaintiff to show 'a sufficiently close nexus' between the actions of the private party and the State to warrant treating the actions as those of the State." *Munoz*, 481 F. App'x at 761.  But "[a]ttorneys performing their traditional functions will not be considered state actors solely on the basis of their position as officers of the court." *Angelico v. Lehigh Valley Hosp., Inc.*, 184 F.3d 268, 277 (3d Cir. 1999); *Gannaway v. Stroumbakis*, No. 20-2882, 2021 WL 128918, at *3 (3d Cir. Jan. 14, 2021) ("A privately retained attorney clearly does not act under color of state law[.]").  Even when an attorney represents a state actor, such as a municipal police department or a school board, the attorney does not *per se* become a state actor.  *See Surina v. S. River Bd. of Educ.*, Civ. No. 17-2173, 2018 WL 1327111, at *3 (D.N.J. Mar. 15, 2018) ("[S]tate action cannot be found when a private attorney is merely retained by a state government agency to perform his/her traditional functions.").  Indeed, in *Yoder v. MacMain Law Grp., LLC*, the Third Circuit affirmed dismissal of a *pro se* plaintiff's § 1983 claims, agreeing that the claims were improperly pled against a private law firm, even though the claims arose from the law firm's representation of a municipal police department.  691 F. App'x 59, 60 (3d Cir. 2017); and

7

**WHEREAS** here, there is no question that Strickland is a private attorney.  Plaintiff alleges that Strickland is a state actor because of "unauthorized joint activity with a state actor," (ECF No. 79 at 5-6), which the Court infers is a reference to allegations in Plaintiff's Amended Complaint regarding a conspiracy between Bouldin (a records custodian for Princeton Public Schools), Gorman, and Strickland.  Of course, Strickland's mere representation of a government entity and performance of traditional functions for that governmental entity does not make Strickland a state actor.  *See Surina*, 2018 WL 1327111, at \*3; *Yoder*, 691 F. App'x at 60.  Based on the record before the Court, the Court is not convinced that Plaintiff has established that Strickland is a state actor. *See also Wesley v. Sec'y Pa. Dep't of Corrs.*, 569 F. App'x 123, 125 (3d Cir. 2014) (affirming denial of a motion for a preliminary injunction where "the likelihood of [Plaintiff's] success on the merits was unclear"); *Chadda v. Bd. of Elecs.*, 222 F. App'x 147, 149 (3d Cir. 2007) ("[A] TRO or preliminary injunction will issue only when the movant produces evidence sufficient to convince the court that all factors favor preliminary relief."); *Surina*, 2018 WL 1327111, at \*4 (dismissing § 1983 claims against a lawyer who represented a municipal board of education because the plaintiff failed to sufficiently allege that the lawyer was a state actor); and

**WHEREAS** even if the Court were to infer that Strickland was a state actor, Plaintiff has not shown a likelihood of success on her constitutional claims.  Beginning with the Fourteenth Amendment, "[a] plaintiff asserting the deprivation of procedural due process rights 'must allege that (1) [she] was deprived of an individual interest that is encompassed within the Fourteenth Amendment's protection of life, liberty, or property, and (2) the procedures available to [her] did not provide due process of law.'"  *Munoz*, 481 F. App'x at 757 (quoting *Hill v. Borough of Kutztown*, 455 F.3d 225, 234 (3d Cir. 2006)).  Assuming *arguendo* that Plaintiff has established some type of deprivation in her underlying state court action, (ECF No. 82 at 10), Plaintiff has not

met her burden of establishing that the state court litigation process did not provide adequate process to warrant emergent relief.  Plaintiff has sought recourse in the state court proceedings and was given "the opportunity to be heard . . . at a meaningful time and in a meaningful manner," *Abernathy v. City of Pittsburgh*, 795 F. App'x 85, 86 (3d Cir. 2020) (quoting *Elsmere Park Club, L.P. v. Town of Elsmere*, 542 F.3d 412, 417 (3d Cir. 2008)), including through numerous filings supporting her positions, *see generally* MER-L-2498-24, Docket.  An unfavorable ruling, however, does not equate to a due process violation.  *See Martin v. Perezous*, Civ. No. 85-4090, 1985 WL 5022, at *2 (E.D. Pa. Dec. 23, 1985) ("The fact that [Plaintiff] disagrees with the rulings of a state court judge does not amount to a violation of [her] constitutional rights.  Issues such as these should be raised on appeal in the state court system."); *see also Parks v. Ingersoll-Rand Co.*, 380 F. App'x 190, 196 (3d Cir. 2010) ("[A]lthough 'the fundamental requirement of due process is an opportunity to be heard,' it does not follow that 'every order entered without notice . . . offends due process." (quoting *Link v. Wabash R. Co.*, 370 U.S. 626, 632 (1962))); *cf. In re Mock*, 398 F. App'x 716, 718 (3d Cir. 2010) ("That her appeals to the [d]istrict [c]ourt may have been decided adversely to her does not mean that the decisions were improper or that she did not receive due process, as she alleges.");[5] and

**WHEREAS** based on the record before the Court, Plaintiff also has not established a likelihood of success on her First Amendment retaliation claim.  To prevail on a First Amendment

---

[5]    To the extent Plaintiff asserts that an unmitigated deprivation occurred based on Strickland's actions in the state court proceedings, it is not clear to the Court how this deprived Plaintiff of any liberty or property interest.  *See Foley v. Drexel Univ.*, Civ. No. 25-2103, 2025 WL 2346874, at *7 (E.D. Pa. Aug. 13, 2025) ("[L]itigation is expected to involve motion practice, discovery disputes, and sometimes even wily behavior by opposing counsel."); *Jaramillo v. City of Coatesville*, No. 23-2700, 2025 WL 2237362, at *2 (3d Cir. Aug. 6, 2025) (finding due process claim "misguided" where "[the p]laintiffs have not shown what process they were owed nor that any such process was denied").

retaliation claim under § 1983, "a plaintiff must prove that (1) [s]he engaged in constitutionally protected conduct, (2) the defendant engaged in retaliatory action sufficient to deter a person of ordinary firmness from exercising [her] constitutional rights, and (3) a causal link [existed] between the constitutionally protected conduct and the retaliatory action." *Baloga v. Pittston Area Sch. Dist.*, 927 F.3d 742, 752 (3d Cir. 2019) (citation modified) (quoting *Palardy v. Twp. of Millburn*, 906 F.3d 76, 80-81 (3d Cir. 2018)).  Plaintiff asserts that Strickland has retaliated against her litigation efforts in federal court by making filings in *Birge*, including "an opposition, a sanctions request, and a motion to compel Plaintiff's deposition." (ECF No. 73-1 at 16-18.)  But Plaintiff seeks extraordinary relief and has not met her burden of showing that this conduct—which appears to be ordinary litigation conduct—is "sufficient to deter a person of ordinary firmness from exercising [her] constitutional rights," *Baloga*, 927 F.3d at 752, as she cites no authority to support such a proposition; and

**WHEREAS** because Plaintiff has not established a likelihood of success on the merits, the Court cannot grant a PI or TRO; and for other good cause shown,

**IT IS** on this 13th day of May, 2026 **ORDERED** as follows:

1.  Plaintiff's First Motion for a Preliminary Injunction (ECF No. 73) is **DENIED**.

2.  Plaintiff's First Motion for a Temporary Restraining Order (ECF No. 76) is **DENIED**.

3.  Plaintiff's Motion for an Emergent Status Conference (ECF No. 80) is **DENIED**.

4.  Plaintiff's Second Motion for a Preliminary Injunction and Temporary Restraining Order (ECF No. 82) is **DENIED**.

5.  The Clerk's Office is directed to **TERMINATE** the Motions pending at ECF Nos.

    73, 76, 80 and 82.

GEORGETTE CASTNER
UNITED STATES DISTRICT JUDGE

11