UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| SUSAN KEITH,<br><br>Plaintiff,<br><br>v.<br><br>BRETT E.J. GORMAN, *et al.*,<br><br>Defendants. | Civ. No. 25-3557 (GC)(JBD)<br><br>**MEMORANDUM ORDER** |

Before the Court are four motions. Three are *pro se* plaintiff Susan Keith's motions to disqualify defendants' counsel. [Dkts. 110, 123, 127.] Defendants have separately opposed these motions, *see* [Dkts. 113, 130, 131], and plaintiff has filed replies, *see* [Dkts. 114, 132, 133]. The fourth motion is plaintiff's unopposed motion to strike a joint motion to dismiss her second amended complaint. [Dkt. 121.] For the reasons set forth below, the Court will deny plaintiff's motions.

## I. BACKGROUND

Plaintiff filed her initial complaint on April 30, 2025. That complaint brought claims against Brett E.J. Gorman, Esq.; Ted C. Strickland, Jr., Esq.; and Matthew Bouldin, the New Jersey Open Public Records Act ("OPRA") custodian for the Princeton Public Schools system. [Dkt. 5.] Plaintiff's initial complaint arose out of defendants' alleged tampering of a video recording responsive to plaintiff's OPRA request and related litigation in state court; plaintiff asserted, among other things, "deliberate misrepresentation of legal counsel, tampering with an official government record . . . , and retaliat[ion]" by sending her a letter requesting that

she withdraw an alleged frivolous filing in the state court litigation. *Id.* The initial complaint in this case asserted five counts, including causes of action under 42 U.S.C. § 1983 and OPRA, N.J.S.A. 47:1A-1 to -13. [Dkt. 5.]

On June 25, 2026, after nearly a year of limited progress, plaintiff filed a second amended complaint. [Dkt. 96.] This complaint brought claims against fifteen additional defendants: Gorman, D'Anella, Morlok, LLC ("Gorman, D'Anella") and Pender & Strickland, LLC ("Pender & Strickland"), which are the law firms that employ, respectively, defendants Gorman and Strickland; the Princeton Public Schools Board of Education (the "Board"); and twelve of the Board's individual members and employees (together with the Board, the "Princeton defendants").[1] *Id.* The second amended complaint asserts eight counts, including causes of action under 42 U.S.C. § 1983 and OPRA, and tort claims for abuse of process and fraud. *Id.*

In the present motions, plaintiff seeks to disqualify counsel and to strike a joint motion to dismiss filed by four defendants. The Court sets forth below the necessary background for each motion.

***Plaintiff's First Motion to Disqualify.*** On July 6, 2026, Vittorio S. LaPira, Esq., filed a notice of appearance and a letter indicating that he represents the Princeton defendants. [Dkts. 104, 105.] Three days later, plaintiff filed a letter

---

[1] The twelve individual Board defendants are: Beth Behrend, Adam Bierman, Cecilia Birge, Mara Franceschi, J. Andrew Harris, Eleanor Hubbard, Susan Kanter, Dafna Kendal, Ari Meisel, Mia Musachio, Christopher Santarpio, and Erica Snyder.

motion seeking disqualification of LaPira and his law firm, Fogarty, Hara, LaPira & Cherry, LLC, from representing the Princeton defendants in this case. [Dkt. 107.] In that letter, plaintiff raised concerns about LaPira's representation of the Princeton defendants and whether he could simultaneously represent the Board and its individual employees. *Id.* Relying on an internal email that Bouldin had written, plaintiff also took specific issue with LaPira's simultaneous representation of the Board and defendant Musachio. *Id.*[2] Plaintiff asserted that there is a "structural conflict" because another attorney from LaPira's law firm, Robert D. Lorfink, Esq., conducted an investigation into a May 15, 2024 incident between plaintiff and defendant Musachio, at the same time that LaPira appeared as defendant Musachio's counsel in a separate (but related) Princeton municipal court matter that plaintiff also had initiated. *Id.* Plaintiff argued in the letter that LaPira's representation of the Princeton defendants amounts to conflicts of interest under RPCs[3] 1.7 and 1.9, and are imputed to LaPira's firm under RPC 1.10. *Id.*

---

[2] Plaintiff does not place the entirety of this email before the Court. The snippet of the email that she provides reads:

> She is PRESSA now . . . interesting question, Vic [Mr. LaPira] can help us . . . the challenging part is Vic is BOE's attorney . . . if our (BOE) answer hers . . . Mia [Musachio's] . . . interests conflict . . . I am assuming we are not taking side of this 'apparently' troubled woman . . . .
>
> [Dkt. 107] (first alteration and all omissions in plaintiff's letter).

[3] All citations and references herein to the RPCs are to the New Jersey Rules of Professional Conduct.

Plaintiff also argued that under RPC 3.7, both LaPira and Lorfink cannot be trial counsel in this case. *Id.*

On July 13, 2026, the Court denied plaintiff's informal letter motion seeking disqualification. [Dkt. 108.] The Court explained that plaintiff's motion was premature and deficient, and that the Court found no basis to grant such extraordinary relief at the initial pleadings stage. *Id.* Two days later and despite the Court's text order, plaintiff filed her first formal motion to disqualify LaPira and his firm from representing the Princeton defendants in this case. [Dkt. 110.] The Princeton defendants opposed the motion, and plaintiff filed a reply. [Dkts. 113, 114.]

***Plaintiff's Second Motion to Disqualify.*** On July 6, 2026, four defendants filed a motion to dismiss plaintiff's second amended complaint. That motion was filed jointly on behalf of defendants Gorman and Strickland individually, and their respective law firms, Gorman, D'Anella and Pender & Strickland. [Dkt. 103.] At the time of the motion, no notices of appearance had been filed on behalf of those two law firm defendants.

On July 26, 2026, plaintiff filed a letter requesting that the Court determine whether the law firm defendants were properly represented before considering the motion to dismiss. [Dkt. 117.] In that letter, plaintiff argued that the attorney defendants could not appear *pro se* and simultaneously represent the law firms. *Id.* Two days later, recognizing that a formal notice of appearance had not been filed on behalf of either law firm defendant, the Court entered a text order directing counsel

to file a notice of appearance clarifying the law firm defendants' representation. [Dkt. 118.] That text order explained to plaintiff that attorneys may represent themselves *pro se* while also representing a co-defendant. *Id.*

On August 4, 2026, Gorman filed a notice of appearance that clarified that he represents himself *pro se* and also represents the law firm defendant Gorman, D'Anella. [Dkt. 122.] Three days later, plaintiff filed a motion to disqualify Gorman from representing Gorman, D'Anella while simultaneously representing himself. [Dkt. 123.] Gorman and his law firm opposed the motion, and plaintiff filed a reply. [Dkts. 130, 132.]

***Motion to Strike Defendants' Motion to Dismiss.*** On August 3, 2026, plaintiff filed a motion with respect to the motion to dismiss filed on behalf of Gorman and Strickland and their respective firms, Gorman, D'Anella, and Pender & Strickland, in which she makes two requests. [Dkt. 121.] First, plaintiff requests that the defendants' motion to dismiss be limited only to relief sought by the individual defendants Gorman and Strickland, because there was no notice of appearance filed on behalf of either of the law firm defendants before the motion to dismiss had been filed. *Id.* Thus, plaintiff requests the law firm defendants be struck from the motion to dismiss. *Id.* Second, she requests that the Court direct the individual defendants to resubmit the motion as only on their behalf. *Id.*

***Plaintiff's Third Motion to Disqualify.*** On August 10, 2026, in response to the Court's directive to clarify who represents the law firm defendants, Strickland filed a notice of appearance identifying that he represents himself *pro se*

and also represents his law firm, Pender & Strickland. [Dkt. 125.] Two days later, plaintiff moved to disqualify Strickland from representing Pender & Strickland. [Dkt. 127.] Strickland and Pender & Strickland opposed the motion, and plaintiff filed a reply. [Dkts. 131, 133.]

## II. DISCUSSION

### A. Motions to Disqualify

"The district court's power to disqualify an attorney derives from its inherent authority to supervise the professional conduct of attorneys appearing before it." *United States v. Miller*, 624 F.2d 1198, 1201 (3d Cir. 1980); *accord In re Corn Derivatives Antitrust Litig.*, 748 F.2d 157, 160 (3d Cir. 1984). In exercising that supervisory authority, the Court follows Local Civil Rule 103.1(a), which addresses professional standards of conduct in this Court. The rule provides that the "Rules of Professional Conduct of the American Bar Association as revised by the New Jersey Supreme Court shall govern the conduct of the members of the bar admitted to practice in this Court." L. Civ. R. 103.1(a); *Delso v. Trs. For Ret. Plan For Hourly Emps. of Merck & Co., Inc.*, Civ. No. 04-3009 (TJB), 2007 WL 766349, at *5 (D.N.J. Mar. 6, 2007) (citing *Steel v. Gen. Motors Corp.*, 912 F. Supp. 724, 732 (D.N.J. 1995)).

Disqualification is an extraordinary remedy that courts disfavor and use only "when absolutely necessary." *Shaikh v. Germadnig*, Civ. No. 22-2053 (RLS), 2022 WL 16716116, at *3 (D.N.J. Nov. 4, 2022) (quoting *Carlyle Towers Condo. Ass'n, Inc. v. Crossland Sav., FSB*, 944 F. Supp. 341, 345 (D.N.J. 1996)). Courts view motions

to disqualify counsel with a skeptical eye out of concern that they are made tactically to separate a litigant from their counsel of choice. *See Prudential Ins. Co. of Am. v. Chelchowski*, Civ. No. 16-258 (MAH), 2017 WL 1549466, at *3 (D.N.J. Apr. 28, 2017). Further, a party's selection of counsel is afforded "substantial deference." *Rohm & Haas Co. v. Am. Cyanamid Co.*, 187 F. Supp. 2d 221, 227 (D.N.J. 2001) (citation modified).

The movant bears the burden of establishing that disqualification is appropriate. *Kaselaan & D'Angelo Assocs., Inc. v. D'Angelo*, 144 F.R.D. 235, 238 (D.N.J. 1992). Movants carry a heavy burden because courts avoid *per se* rules of disqualification since motions to disqualify are fact-dependent and context-specific, and require painstaking analysis. *See Carlyle Towers*, 944 F. Supp. at 345 (quoting *Gould, Inc. v. Mitsui Mining & Smelting Co.*, 738 F. Supp. 1121, 1124 (N.D. Ohio 1990)); *Martin v. AtlantiCare*, Civ. No. 10-6793 (JS), 2011 WL 5080255, at *2 (D.N.J. Oct. 25, 2011) (quoting *Steel*, 912 F. Supp. at 733).

Applying these standards, the ultimate decision to disqualify (or not) rests in the Court's sound discretion. *Miller*, 624 F.2d at 1201.

**1. Motion to Disqualify LaPira and His Law Firm**

Plaintiff challenges LaPira and his law firm's representation of all of the Princeton defendants, arguing that the simultaneous representation warrants disqualification. The Princeton defendants argue that plaintiff lacks standing to raise the asserted conflict, and that plaintiff has not met her burden in any event to

show that disqualification is warranted here. The Court addresses each argument in turn.[4]

To start, the Court addresses whether plaintiff has standing to move to disqualify defendants' chosen counsel. Courts generally do not disqualify counsel because of an RPC 1.7 or RPC 1.9 conflict unless the current or former client moves for disqualification. *In re Yarn Processing Pat. Validity Litig.*, 530 F.2d 83, 88-89 (5th Cir. 1976) (collecting cases). But the Third Circuit has not definitively resolved whether a party, who is not and was not a lawyer's client, may move to disqualify her adversary's counsel. *See In re Corn Derivatives Antitrust Litig.*, 748 F.2d at 161 (assuming, but not deciding, that a motion to disqualify counsel must be brought by a former client). Appreciating that LaPira's standing argument is not without basis, this Court still has an independent obligation to enforce the RPCs in this Court and to maintain the highest professional standards in the cases before it. *In re Congoleum Corp.*, 426 F.3d 675, 686 (3d Cir. 2005) (citing *Kevlik v. Goldstein*, 724 F.2d 844, 848 (1st Cir. 1984)). Accordingly, the Court will consider plaintiff's motion on the merits.

Turning to those arguments, plaintiff first argues that there is a concurrent conflict of interest under RPC 1.7 between the Board and the twelve individual Board defendants. She asserts that Bouldin's email (acquired through an OPRA

---

[4] Many of plaintiff's arguments are, at times, confusing and not clearly articulated. To the extent that the Court does not specifically address one of plaintiff's theories or particular points, it is because those arguments were not sufficiently developed in her papers and otherwise lack merit.

request) demonstrates that there is an actual (and not speculative) conflict between the Board and its individual employees and members. Further, plaintiff asserts that there is a conflict because the Board's interests as a governmental entity *may* materially diverge from the twelve individual Board defendants. Accordingly, plaintiff argues that the RPC 1.7 conflict is unwaivable. Second, plaintiff argues that there is a conflict under RPC 1.9 because of LaPira's representation of defendant Musachio in a separate municipal court matter.

Plaintiff does not meet her heavy burden to demonstrate that disqualification of LaPira is necessary or appropriate here. She fails to explain sufficiently how there is an actual or potential conflict of interest between or among any of the Princeton defendants under any of the RPCs, including RPCs 1.7[5] and 1.9.[6] An attorney representing a public body carries the same obligation as any other attorney to avoid conflicts of interest in representing their clients. But public bodies and their constituent members and employees often are named together as defendants in litigation, and a conflict between them often does not arise. Here,

---

[5] RPC 1.7 prohibits an attorney's representation when there is a concurrent conflict of interest: a conflict between two current clients. A concurrent conflict of interest arises when: "(1) the representation of one client will be directly adverse to another client; or (2) there is a significant risk that the representation of one or more clients will be materially limited by the lawyer's responsibilities to another client." RPC 1.7(a).

[6] RPC 1.9 prohibits an attorney's representation when a current client's interests are materially adverse to a former client's interests, *unless* the former client provides informed consent in writing. RPC 1.9(a). Specific for this action, "[a] public entity cannot consent to a representation otherwise prohibited by this Rule." RPC 1.9(d).

plaintiff fails to demonstrate or explain why or how any of the Princeton defendants are (or potentially will be) directly adverse to one another or that there is a significant risk that the representation of one Princeton defendant would materially limit LaPira's responsibilities to another Princeton defendant. Instead, plaintiff insists that a conflict exists because the Princeton defendants' interests *may* materially diverge at a later point in this action. That is a speculative, not an actual, conflict.

Additionally, plaintiff's reliance on case law is misplaced. She argues repeatedly that the New Jersey Supreme Court held in *Petition for Review of Opinion 552*, 507 A.2d 233 (N.J. 1986) that in a 42 U.S.C. § 1983 civil rights action, if a conflict "or the realistic possibility of a conflict" exists, concurrent representation of a public entity and its employees is prohibited and not waivable. That misreads the case. The New Jersey Supreme Court recognized the possibility of "potential conflicts" when both a government entity and its employees are named co-defendants in a 42 U.S.C. § 1983 civil rights action. *Petition for Review of Opinion 552*, 507 A.2d at 235. But the court expressly rejected "an absolute rule requiring separate counsel at the initial pleading stages." *Id.* Instead, the Court trusted that the RPCs would sufficiently protect the interests of all parties and that joint representation of a government entity and its employees would not "be prohibited due to an apparent divergence of interests on the face of the complaint." *Id.* at 238-39. In short, the "realistic possibility of a conflict" still must be concrete, apparent, and identifiable.

Here, plaintiff has not demonstrated that there is an actual conflict, a potential conflict, or a realistic possibility of a conflict between any of the Princeton defendants.[7] Because the Court finds no identifiable present or potential conflict, an analysis of RPCs 1.10 and 1.13 and whether any party would suffer prejudice in the absence of disqualification is unnecessary. Accordingly, plaintiff's motion to disqualify LaPira and his law firm from representing the Princeton defendants is denied.

**2. Motions to Disqualify Gorman and Strickland**

Plaintiff moves to disqualify Gorman from representing his law firm, Gorman, D'Anella, and to disqualify Strickland from representing his law firm, Pender & Strickland, under RPCs 1.7 and 1.13.[8] She asserts that the law firm defendants' interests are divergent from their chosen counsel's individual interests here, thus creating a concurrent conflict of interest under RPC 1.7. Similarly, plaintiff asserts that both Gorman and Strickland cannot represent their respective

---

[7] In a letter dated September 22, 2026, plaintiff appears to assert that questions Mr. LaPira asked her during her deposition in the state court litigation bear on her present motion to disqualify. [Dkt. 140.] The letter contains the same core deficiency that pervades plaintiff's entire motion: It does not identify concretely an actual or potential conflict of interest. At most, plaintiff's letter speculates that a conflict may arise without identifying what that potential conflict is or may be. That is not sufficient to warrant disqualification.

[8] RPC 1.13 provides, in relevant part, that "[a] lawyer employed or retained to represent an organization represents the organization as distinct from its directors, officers, employees, members, shareholders or other constituents." RPC 1.13(a). However, a lawyer may represent the organization and its employees simultaneously, so long as the dual representation abides by RPC 1.7. RPC 1.13(e).

law firms without violating RPC 1.13 because they cannot exercise independent professional judgment while also being individual defendants. And despite recognizing that disqualification is an extraordinary remedy, plaintiff argues that Strickland and Gorman must be disqualified from representing their respective law firms to preserve this action's integrity.

Plaintiff's motions to disqualify do not meet the heavy burden of demonstrating that disqualification is warranted. As with the Princeton defendants, plaintiff does not sufficiently explain why Gorman and Strickland representing themselves and their respective law firms creates a conflict of interest under RPC 1.7. Plaintiff's theory that she has identified a "concurrent conflict of interest" between the attorney and law firm defendants is speculative and conclusory. Her theory hinges on whether the law firm defendants *may* take positions that are adverse to Gorman's and Strickland's individual defenses. Like the Court's discussion above, a conceivable, theoretical conflict is not an actual or potential conflict. Plaintiff has not identified with specificity any divergence in interests between Gorman's and Strickland's individual defenses and their defenses on behalf of their respective law firms.

As to RPC 1.13, plaintiff argues that the attorney defendants are unable to determine whether the law firm defendants are or are not aligned because of her allegations against the attorney defendants; accordingly, plaintiff asserts that the law firm defendants are entitled to independent representation consistent with

RPCs 1.7 and 1.13. But this argument again assumes that there is a concurrent conflict between the attorneys and law firm defendants.

Again, the Court does not disqualify counsel because of speculative or assumed conflicts. Defendants are entitled substantial deference to their counsel of choice. And as the Court has already explained, "RPC 1.7 does not bar an attorney from representing himself and a co-defendant." *Perez v. JPMorgan Chase Bank*, Civ. No. 22-4173 (CCC), 2023 WL 3119950, at *7 (D.N.J. Apr. 27, 2023) (citing *J.R.S. Holdings, L.L.C. v. JES Props., L.L.C.*, App. No. 5986-08T2, 2010 WL 5428870, at *2-3 (N.J. Super. Ct. App. Div. Aug. 17, 2010)). Concerns over possible conflicts that could arise later in this action can be addressed later in this action, if necessary; they do not warrant disqualification on account of one party's speculative concern. Accordingly, plaintiff's motions to disqualify Gorman and Strickland from representing their respective law firms are denied.

**B. Motion to Strike**

Plaintiff asks the Court to remove the law firm defendants from the motion to dismiss filed on behalf of Gorman and Strickland and their respective law firms. She additionally asks the Court to compel Gorman and Strickland to re-file the motion to dismiss after the law firm defendants are removed from the initial filing.

Under Federal Rule of Civil Procedure 12(f), the Court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). However, a motion to strike that seeks to strike papers outside the pleadings is not technically a Rule 12(f) motion. *United*

*States v. Kramer*, 757 F. Supp. 397, 409 (D.N.J. 1991) (citing 5A Wright & Miller's Federal Practice & Procedure § 1380 (2d ed. 1990)). Regardless, courts sometimes consider the substance of such motions despite there being no procedural vehicle to strike non-pleading materials. *See N. Am. Specialty Ins. Co. v. Nat'l Fire & Marine Ins. Co.*, Civ. No. 10-1859 (GMN), 2013 WL 1332205, at *5 (D. Nev. Apr. 2, 2013) (relying on the district court's inherent authority when considering whether to strike a party's non-pleading submission); *City of Sterling Heights Gen. Emps.' Ret. Sys. v. Hospira, Inc.*, Civ. No. 11-8332 (AJS), 2013 WL 566805, at *11 (N.D. Ill. Feb. 13, 2013) (same); *Sierra v. U.S.*, Civ. No. 97-9329 (RWS), 1998 WL 599715, at *9 (S.D.N.Y. Sept. 10, 1998) (same).

The Court finds no basis here to strike the law firms from the motion to dismiss. Both Gorman and Strickland filed supplemental notices of appearance clarifying that they are representing themselves *pro se* and representing their respective law firms. Those notices of appearance remove any procedural uncertainty. And as just explained, the Court will deny the motion to disqualify Gorman and Strickland from representing their law firms. Plaintiff's motion to strike is therefore denied as well.

## III. CONCLUSION

For the reasons stated,

**IT IS** on this **1st** day of **October, 2026**,

**ORDERED** that plaintiff's motion to disqualify Vittorio LaPira, Esq., and Fogarty, Hara, LaPira & Cherry, LLC [Dkt. 110] is **DENIED**; and it is further

**ORDERED** that plaintiff's motion to disqualify Brett E.J. Gorman, Esq., [Dkt. 123] is **DENIED**; and it is further

**ORDERED** that plaintiff's motion to disqualify Ted C. Strickland, Jr., Esq., [Dkt. 127] is **DENIED**; and it is further

**ORDERED** that plaintiff's motion to strike [Dkt. 121] is **DENIED**.

J. BRENDAN DAY
UNITED STATES MAGISTRATE JUDGE