UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| SUSAN KEITH,<br><br>Plaintiff,<br><br>v.<br><br>BRETT E.J. GORMAN, *et al.*,<br><br>Defendants. | Civ. No. 25-3557 (GC)(JBD)<br><br>**MEMORANDUM ORDER** |

Before the Court is *pro se* plaintiff Susan Keith's motion to strike certain defenses that the Princeton defendants assert in their answer to the amended complaint. [Dkt. 139.] For the reasons set forth below, the Court will deny plaintiff's motion to strike.

## I. BACKGROUND

Plaintiff filed her initial complaint on April 30, 2025, bringing claims against Brett E.J. Gorman, Esq.; Ted C. Strickland, Jr., Esq.; and Matthew Bouldin, the New Jersey Open Public Records Act ("OPRA") custodian for the Princeton Public Schools system. [Dkt. 5.] The initial complaint in this case asserted five counts, including causes of action under 42 U.S.C. § 1983 and OPRA, N.J.S.A. 47:1A-1 to -13. *Id.*

On June 25, 2026, plaintiff filed a second amended complaint, bringing claims against fifteen additional defendants: Gorman, D'Anella, Morlok, LLC and Pender & Strickland LLC, which are the law firms that employ, respectively, defendants Gorman and Strickland; and the Princeton defendants—the Princeton

Public Schools Board of Education and twelve of the Board's individual members and employees. [Dkt. 96.] The second amended complaint asserts eight counts, including causes of action under 42 U.S.C. § 1983 and OPRA, and tort claims for abuse of process and fraud. *Id.*

The Princeton defendants filed an answer to the amended complaint on August 27, 2026; relevant here, the answer asserted 20 separate defenses. [Dkt. 134.] Plaintiff filed this motion on September 3, 2026, moving to strike 17 of those 20 defenses. [Dkt. 139.]

## II. DISCUSSION

The Court may, on its own or on motion made by a party, "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. Pro. 12(f). A district court has "considerable discretion in disposing of a motion to strike." *Tonka Corp. v. Rose Art Indus., Inc.*, 836 F. Supp. 200, 217 (D.N.J. 1993) (citation omitted). But motions to strike are a "drastic remedy" that are "not favored," *id.* (citations omitted), and "a court should not grant a motion to strike a defense unless the insufficiency of the defense is clearly apparent," *Cipollone v. Liggett Grp., Inc.*, 789 F.2d 181, 188 (3d Cir. 1986) (internal quotation marks omitted). "[O]n the basis of pleadings alone, 'an affirmative defense can be stricken only if the defense asserted could not possibly prevent recovery under any pleaded or inferable set of facts.'" *F.T.C. v. Hope Now Modifications, LLC*, Civ. No. 09-1204 (JBS), 2011 WL 883202, at *2 (D.N.J. Mar. 10, 2011) (quoting *Tonka*, 836 F. Supp. at 218). And "even where the challenged material is redundant, immaterial, impertinent, or scandalous, a motion

to strike should not be granted unless the presence of the surplusage will prejudice the adverse party." *Id.* at *1 (citation omitted).

Plaintiff moves to strike the following defenses that the Princeton defendants have asserted in their answer:

- Defense 1: "Defendants[] acted in accordance with applicable law and statutes, including, but not limited to, the United States Constitution, 42 U.S.C. § 1983, and the New Jersey Open Public Records Act, N.J.S.A. 47:1A-1 *et. seq*."

- Defense 2: "Defendants have not violated any section or amendment of the United States Constitution."

- Defense 3: "Plaintiff has no cause of action against Defendants under 42 U.S.C. § 1983."

- Defense 4: "All actions taken by Defendants were proper, reasonable, and without malice."

- Defense 5: "Damages, if any, were the result of the sole conduct of Plaintiff."

- Defense 7: "The Amended Complaint is frivolous."

- Defense 8: "Defendant[s] did not subject Plaintiff to severe fear or emotional distress."

- Defense 9: "Defendants did not violate Plaintiff's due process rights."

- Defense 10: "Defendants did not engage in a conspiracy to deprive Plaintiff of her civil rights."

- Defense 11: "Defendants did not violate Plaintiff's procedural due process rights."

- Defense 12: "Defendants did not violate Plaintiff's privacy rights."

- Defense 13: "Defendants did not act with deliberate indifference by adopting or endorsing a policy, custom, and ratification."
- Defense 14: "Defendants did not violate the New Jersey Open Public Records Act."
- Defense 16: "Defendants have not intentionally misrepresented any fact to the Plaintiff."
- Defense 17: "Plaintiff has not provided the required notice(s) for her state law tort claims."
- Defense 19: "The Plaintiff's claims are barred by the applicable statutes of limitations."
- Defense 20: "Plaintiff lacks subject matter jurisdiction."

Plaintiff argues that defenses 1, 2, 4, 5, 7, 8, 9, 10, 11, 12, 14, and 16 "are not true affirmative defenses" and that, because they "either repeat Defendants' denials of liability or fail to identify a cognizable affirmative defense, their designation as separate affirmative defenses is redundant." [Dkt. 139] at 19-20, 23-24. Plaintiff also contends that defenses 4, 13, and 16 must be struck because they do not differentiate between the Board and its individual members and employees. *Id.* at 17-18, 26-27. She further argues that defenses 3, 17, and 19 are legally insufficient, *id.* at 21-22, 27-32, and that defense 17 is likewise factually insufficient, *id.* at 27-29. Finally, plaintiff argues that defense 20 must be struck because subject-matter jurisdiction is a question of the Court's authority, not something plaintiff possesses, which the Court construes as an argument that the defense is legally insufficient. *Id.* at 32-33.

Exercising its "considerable discretion," *Tonka*, 836 F. Supp. at 217 (citation omitted), the Court will deny plaintiff's motion to strike at this time. Even accepting, for discussion's sake, plaintiff's argument that the asserted defenses include some redundancies, plaintiff has failed to show that it is "clearly apparent" that the defenses are insufficient, *Cipollone*, 789 F.2d at 188, or that plaintiff will suffer prejudice if the defenses are not struck now, *Hope Now*, 2011 WL 883202, at *1. Moreover, plaintiff cites no support for her proposition that a defendant is required separately to plead different defenses for different defendants. Nor is the Court aware of such a requirement. "In responding to a pleading, a party must . . . state in short and plain terms its defenses to each claim asserted against it; and . . . admit or deny the allegations asserted against it by an opposing party." Fed. R. Civ. P. 8(b). Because plaintiff has failed to demonstrate that any of the challenged defenses "could not possibly prevent recovery under any pleaded or inferable set of facts," *Hope Now*, 2011 WL 883202, at *2 (quoting *Tonka*, 836 F. Supp. at 218), the Court declines to strike these defenses.

The Court likewise rejects at this juncture plaintiff's argument that some of the defenses are legally and/or factually insufficient. "[A] motion to strike will not be granted where the sufficiency of a defense depends on disputed issues of fact. Even where the facts are not in dispute, Rule 12(f) is not meant to afford an opportunity to determine disputed and substantial questions of law." *Glenside W. Corp. v. Exxon Co., U.S.A., a Div. of Exxon Corp.*, 761 F. Supp. 1100, 1115 (D.N.J. 1991) (citation omitted). A motion to strike therefore will not be granted unless

"a defense is legally insufficient under any set of facts which may be inferred from the allegations of the pleading." *Id.* That is not the case here. Plaintiff has failed to meet her high burden to establish that any of the defenses asserted on behalf of the Princeton defendants should be struck.

Finally, plaintiff argues that several of defendants' admissions and responses are inconsistent with their asserted defenses, and as such, the Court should strike the inconsistent defenses. [Dkt. 139] at 11-16. Assuming, again for argument's sake, that plaintiff's assertion is correct, the extreme remedy of striking the defenses is not warranted here. "A party may state as many separate . . . defenses as it has, regardless of consistency." Fed. R. Civ. P. 8(d)(3); *Elec. Storage Battery Co. v. Shimadzu*, 307 U.S. 5, 16 (1939) ("Alternative and inconsistent defenses may be pleaded."); *see also* Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice."). The Court therefore rejects this argument as well.

For these reasons, the Court denies plaintiff's motion to strike at this time. Plaintiff is not precluded from re-raising a motion to strike particular defenses at a later date, if appropriate. But at this point, "[b]ecause the factual background remains undeveloped, . . . plaintiff's motion to strike is premature." *Bd. of Trs. of Trucking Emps. of N. Jersey Welfare Fund, Inc.-Pension Fund v. Gotham Fuel Corp.*, 860 F. Supp. 1044, 1054 (D.N.J. 1993); *Hitachi Cable Am., Inc. v. Wines*, Civ. No. 85-4265 (HLS), 1986 WL 2135, at *6 (D.N.J. Feb. 14, 1986) (denying motion to strike certain defenses because "[w]hile plaintiff's arguments may have merit, the

court is not willing to foreclose the defendant from further expanding the theory underlying its defenses at such an early stage in this case").

## III. CONCLUSION

For the reasons stated,

**IT IS** on this 23rd day of **November, 2026**,

**ORDERED** that plaintiff's motion to strike certain affirmative defenses [Dkt. 139] is **DENIED** without prejudice.

J. BRENDAN DAY
UNITED STATES MAGISTRATE JUDGE